■  TREMARCO CORP. et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 46583.) — REYNOLDS, J.  Appeal and cross appeal from a judgment of the Court of Claims awarding claimant $33,000, and interest, for the appropriation of approximately .192 acre of land in the Town of Colonie, Albany County.  The improvement values testified to by the claimants' expert being based on the erroneous use of reproduction cost less depreciation could not, standing alone, properly be considered by the trial court.  Accordingly, since the court's before value of the improvement exceeds the testimony by the State's expert, it is clearly outside the range and must be supported by other evidence (*Matter of City of New York [A. & W. Realty Corp.]*, 1 N Y 2d 428) and sufficiently explained by the court (e.g., *Spyros* v. *State of New York*, 25 A D 2d 696).  Here there is clearly in the record sufficient evidence concerning valuing the improvement by capitalization of income to support the court's decision.  Moreover, while we could expect that more of an explanation of the rationale utilized might be provided us than the trial court has done here, it is, in our opinion, sufficiently evident that the court did, in fact, arrive at its decision by considering capitalization of income.  Similarly, the after value of the land found by the trial court is outside the range of the testimony, but here it is absolutely clear that the figure chosen was arrived at by taking the State's appraiser's valuation and excluding therefrom any benefit allegedly conferred on the land by the taking.  While we cannot agree with the trial court's statement that no benefit could accrue due to increased access and flowage because, conversely, loss of access would be *damnum absque injuria* (see *Vanech* v. *State of New York*, 50 Misc 2d 259, 265, affd. 29 A D 2d 607), we see no reason to disturb its factual determination that no benefit actually accrued.  Nor does any other argument advanced warrant that the trial court's decision be disturbed and, accordingly, it should be affirmed.  Judgment affirmed, with costs to respondents-appellants.  Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.